IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| ASA ASADI-OUSLEY, | ) | CASE NO. 1:18-CV-02669 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| WARDEN BRIGHAM SLOAN, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Respondent. | ) | |

**Introduction**

Before me by referral[1] is the *pro se* petition of Asa Asadi-Ousley for a writ of habeas corpus under 28 U.S.C. § 2254.[2] Asadi-Ousley is incarcerated by the state of Ohio at the Lake Erie Correctional Institution[3] where he is serving an aggregate sentence of 15 years to life that was imposed in 2016 by the Cuyahoga County Common Pleas Court after a jury convicted him on multiple counts related to a 2015 rape.[4]

---

[1] ECF No. 5.
[2] ECF No. 1.
[3] ECF No. 1; ECF No. 8 at 1. A check of the website of the Ohio Department of Rehabilitation and Correction confirms that Asadi-Ousley is still incarcerated at this institution. www.drc.ohio.gov/offendersearch
[4] ECF No. 8 at 4-5.

Asadi-Ousley raises ten grounds for relief in his current petition.[5] The State, in its return of the writ, contends, arguing both cumulatively and in the alternative, that four grounds are non-cognizable,[6] six grounds are procedurally defaulted,[7] and four grounds should be denied on the merits.[8] Asadi-Ousley has filed a traverse.[9]

For the following reasons, I will recommend that the petition be dismissed in part and denied in part.

## Proceedings in the Ohio Courts

### 1.    Underlying Facts, Trial, and Conviction

The following summary of the underlying facts is taken from the opinion of the Ohio appeals court:[10]

At approximately 10:45 pm on New Year's Eve of 2008, T.M. decided to walk to the corner store in the vicinity of East 140th Street and Kinsman in Cleveland to buy some beer to drink while watching New Year's Eve festivities at home on television.[11] T.M., who had only recently moved to Cleveland to live with her boyfriend, was unfamiliar with the

---

[5] ECF No. 1 at 3-8, 13-14, 17, 19-20.

[6] ECF No. 8 at 15-17.

[7] *Id*. at 22-29.

[8] *Id*. at 33-41.

[9] ECF No. 9.

[10] Facts found by the state appellate court in its review of the record are presumed correct by the federal habeas court. 28 U.S.C. § 2254 (e)(1).

[11] *State v. Asadi-Ousley*, 90 N.E.3rd 263 (Ohio App. 8th Dist. 2017) (vacated and superseded on reconsideration on other grounds) *State v. Asadi-Ousley*, 102 N.E. 3rd 52, at 54 (Ohio App. 8th Dist. 2018).

neighborhood and was alone that evening, as her boyfriend and his father were not at home.[12]

As T.M. was walking home from the store, a man attacked her from behind and, holding a knife to her neck, told her not to scream or he would kill her.[13] Although T.M. later testified she heard two voices, she never saw her assailant or assailants, since she had been approached from behind.[14] The attacker with the knife pushed T.M. into an alleyway where he then struck T.M. on the back of the head, causing her to lose consciousness.[15]

T.M. awoke to find herself in the alley with her lip and nose bleeding, her shirt ripped open and her pants pulled down.[16] Her can of beer and three dollars in cash were missing.[17] She began walking home and tried unsuccessfully to call her boyfriend from a payphone.[18] A neighborhood boy saw her and helped her return to her still empty house.[19] Depressed and crying, she lay alone in bed until January 3, 2009, when she was able to contact her mother and boyfriend, who both told her to go the hospital.[20]

---

[12] *Id*. at 55.
[13] *Id*.
[14] *Id*.
[15] *Id*.
[16] *Id*. at 56.
[17] *Id*.
[18] *Id*.
[19] *Id*.
[20] *Id*. at 56.

T.M. then called an ambulance, which arrived and transported her, and the clothes she was wearing the night of the assault, to a hospital.[21] Once there, she was examined by a Sexual Assault Nurse Examiner (S.A.N.E.) and spoke to the police.[22]

The SANE nurse later testified that T.M. had recounted the details of her attack and that she had a scratch on her neck consistent with a knife being held there.[23] The nurse also collected physical samples from T.M. for the rape kit and took the clothing from that night that T.M. had brought with her.[24]

The Cleveland police officer who spoke to T.M. at the hospital also testified that she saw a scratch on T.M.'s neck and that T.M. had told her that one or two persons were involved in the attack, one of which had a knife.[25] The officer further testified that no suspects emerged from that conversation and that the likely location of the attack was between East 139th and East 140th Streets, behind a beauty supply store.[26]

After this, T.M. moved to West Virginia.[27] Some seven years later, in 2015, Cleveland police contacted T.M. to have her review photographs of suspects, but T.M. was

---

[21] *Id.*

[22] *Id.*

[23] *Id.*

[24] *Id.*

[25] *Id.*

[26] *Id.*

[27] *Id.*

unable to make any identification.[28] Indeed, T.M. was unable to identify Asadi-Ousley at trial as her attacker since she had not seen her attacker face to face.[29]

Also in 2015, the lab at the Ohio Bureau of Criminal Identification (BCI), received a DNA sample from Asadi-Ousely, which the lab compared to the DNA samples from T.M.'s rape kit that had previously been delivered to BCI.[30] A scientist from BCI testified at trial that DNA from Asadi-Ousley was found to match DNA found in T.M.'s vaginal samples and on her underwear.[31]

In May 2015, a Cuyahoga County Grand Jury returned an indictment charging Asadi-Ousley with two counts of rape, two counts of aggravated robbery, one count of felonious assault, and two counts of kidnapping.[32] A sexually violent predator specification was attached to three counts and a sexual motivation specification was attached to one of the kidnapping charges.[33] Upon arraignment, Asadi-Ousley pled not guilty.[34]

---

[28] *Id.*

[29] *Id.*

[30] *Id.* at 57.

[31] *Id.*

[32] ECF No. 8, Attachment 1 (state court record) at 1.

[33] *Id.*

[34] *Id.* at 5.

After two continuances,[35] the court denied a motion for a third continuance.[36] Asadi-Ousley thereupon waived his right to a jury trial as to the sexual predator specifications, electing that these be tried to the court.[37]

Following a trial at which Asadi-Ousley did not testify,[38] a jury found Asadi-Ousley not guilty of the two aggravated robbery charges, but guilty as to all other counts.[39] The trial court also found Asadi-Ousley guilty on the three sexual predator specifications.[40] After the court merged the two rape counts, as well as merging the two kidnapping counts, on February 22, 2016 the court imposed an aggregate sentence of 15 years to life and classified Asadi-Ousley as a Tier III sex offender.[41]

## 2.     Ohio Court of Appeals

On March 22, 2016, Aasadi-Ousley, through counsel, timely[42] filed a notice of appeal with the Ohio appeals court.[43] In his merit brief, Asadi-Ousley raised the following five assignments of error:

> 1.     The trial court erred in failing to grant trial counsel's motion to continue the trial.

---

[35] *Id*. at 8, 13.

[36] *Id*. at 18.

[37] *Id*. at 19.

[38] *Id*. at 534-35.

[39] *Id*. at 20.

[40] *Id*.

[41] *Id*. at 21, 23.

[42] A criminal defendant must file a notice of appeal within 30 days of when his judgment of conviction and sentence is journalized. Ohio R. App. P. 4(A).

[43] ECF No. 8, Attachment 1 at 24.

2.      The evidence was insufficient as a matter of law to support a finding beyond a reasonable doubt that [Asadi-Ousley] was guilty of the sexually violent specification attached to Counts One, Two and Seven of the Indictment.

3.      [Asadi-Ousley's] convictions for rape, felonious assault, kidnapping and the sexual[ly] violent predator specification were against the manifest weight of the evidence.

4.      The trial court erred when it failed to merge the sentences imposed in Counts Two, Five, and Seven as they are allied offense[s] of similar import.

5.      [Asadi-Ousley] was denied the right to effective assistance of counsel guaranteed by Article I, Section 10 of the Ohio constitution and the Sixth and Fourteenth Amendment[s] of the United States Constitution when his attorney failed to argue that [Asadi-Ousley's] convictions for rape, felonious assault and kidnapping were allied offenses of similar import.[44]

The State filed a brief in response.[45] The Ohio appellate court then affirmed the judgment of the trial court in part, while reversing in part, remanding the matter for further proceedings.[46]

The State then moved for reconsideration and to have the matter heard *en banc*.[47] The appeals court thereupon granted the motion for reconsideration, vacated its prior decision and denied as moot the motion for *en banc* reconsideration.[48] On August 17, 2017, the appeals court issued a substituted opinion overruling each of Asadi-Ousley's assignments of error and affirming the judgment of the trial court.

### 3.      *Supreme Court of Ohio*

---

[44] *Id*. at 27.

[45] *Id*. at 55.

[46] *Id*. at 74.

[47] *Id*. at 100. On the same date Asadi-Ousley, *pro se*, also filed a motion for reconsideration (*id*. at 112) which was opposed by the State (*id*. at 116) and then denied by the court. *Id*. at 121.

[48] *Id*. at 122.

On September 25, 2017, Asadi-Ousley, *pro se*, timely[49] filed an appeal in the Supreme Court of Ohio.[50] In his memorandum in support of jurisdiction, Asadi-Ousley set forth the following two propositions of law:

> 1.      The trial court erred when it failed to merge the sentences imposed in Counts 1, 2 and 7 as they were allied offenses of similar import.
>
> 2.      [Asadi-Ousley] was denied his right to effective assistance of counsel guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution when his attorney failed to argue that [Asadi-Ousley's] conviction for rape, felonious assault and kidnapping were allied offenses of similar import.[51]

The State filed a memorandum in response[52] and on January 31, 2018, the Supreme Court of Ohio declined to accept jurisdiction, dismissing the appeal.[53]

## 4.      Post-conviction Petitions

While the direct appeal was pending, Asadi-Ousley, *pro se*, filed a petition for post-conviction relief with the trial court, alleging ineffective assistance of trial counsel.[54]After the State responded in opposition and with a motion for summary judgment,[55] the trial court denied the petition.[56]

---

[49] An appeal to the Supreme Court of Ohio must be filed within 45 days of the appellate judgment for which review is sought. Ohio S. Ct. Prac. R. 7.01(A)(1)(a)(i).

[50] ECF No. 8, Attachment 1 at 254.

[51] *Id*. at 256.

[52] *Id*. at 287.

[53] *Id*. at 296.

[54] *Id*. at 297.

[55] *Id*. at 310.

[56] *Id*. at 324, 327.

Asadi-Ousely then, *pro se*, filed both a motion for relief from judgment with the trial court,[57] which was subsequently denied,[58] and an appeal from the original denial of the petition for post-conviction relief.[59]

In his appellate brief, Asadi-Ousley raised two assignments of error:

1.      [Asadi-Ousley's] trial court lost jurisdiction to enter judgment and sentence 330 days prior to the trial court[']s speedy trial disposition of [Asadi-Ousley's] case, rendering sentence and judgment null and void via [*sic*] Ohio Const. Art. I, §§ 1,2, 10 and 16 in conjunction with the United States Const. Amends. 1st, 5th, 6th, 14th because he is imprisoned without a judgment or sentence.

2.      Trial counsel provided ineffective assistance by not moving the trial court to dismiss the complaint and indictment where 330 days lapsed via [*sic*] R.C. § 2941.401 and [Asadi-Ousley] requested that counsel request such dismissal, which violated his right to effective counsel via [*sic*] Ohio Const. Art. I §§ 10, 16 and United States Const. Amends. 5th, 14th.[60]

The State filed a brief in response.[61]

A few months later, Asadi-Ousley, *pro se*, also appealed from the trial court's denial of his motion for relief from judgment.[62] In his appellate brief, Asadi-Ousley set forth a single assignment of error:

1.      The Common Pleas Court lacked jurisdiction to enter judgment, verdict, sentence or conviction because the Common Pleas Court lost jurisdiction by holding proceedings after the lapse of 180 days allowed by R.C. 2941.401[,] rendering [Asadi-Ousley's] imprisonment in violation of the United States Constitution 5th, 6th, 14th Amendments. See *Frank v. Magnum*, 237 U.S. 309, at headnote three.

---

[57] *Id*. at 328.

[58] *Id*. at 331.

[59] *Id*. at 332.

[60] *Id*. at 338.

[61] *Id*. at 356.

[62] *Id*. at 368.

The State filed a brief in response.[63]

The Ohio appeals court thereupon consolidated both appeals for hearing and disposition.[64]On March 16, 2017, the appellate court overruled all of Asadi-Ousley's assignments of error and affirmed the judgments of the trial court.[65]

**5.      Appeal to the Supreme Court of Ohio**

Asadi-Ousley, *pro se*, then timely appealed to the Supreme Court of Ohio.[66]In his jurisdictional memorandum Asadi-Ousley set forth three propositions of law:

>    1. Appellant's trial court lost jurisdiction to enter judgment andsentence, prior to the trial court's speedy trial disposition of Appellant's case, rendering sentence and judgment null and void via [*sic*] Ohio Const., Art. I, §§ 1, 2, 10, 16 in conjunction with the United States Const. Amends. 1st, 5th, 6th, 14th because he is imprisoned without a judgment or sentence.
>    2. Trial counsel provided ineffective assistance by not moving the trial court to dismiss the complaint and indictment where 330 days lapsed via [*sic*] R.C. § 2941.401 and Appellant requested that counsel request such dismissal, which violated his right to effective counsel via [*sic*] Ohio Const. Art. I §§ 10, 16 and United States Const. Amends. 5th, 14th.
>    3. The Common Pleas Court lacked jurisdiction to enter judgment, verdict, sentence or conviction because the Common Pleas Court lost jurisdiction by holding of proceedings after the lapse of 180 days allowed by R.C. 2941.401 rendering Appellant's imprisonment in violation of the United States Const. 5th, 6th, 14th Amendments. See *Frank v. Magnum*, 237 U.S. 309, at headnote three.[67]

---

[63] *Id*. at 378.

[64] *Id*. at 389.

[65] *Id*. at 390. The appeals court also denied a subsequent motion for reconsideration. *Id*. at 355.

[66] *Id*. at 404.

[67] *Id*. at 406.

On July 26, 2017, the Supreme Court of Ohio declined to accept jurisdiction, dismissing the appeal.[68]

### 5. Ohio Rule 26(B) Application to Reopen the Appeal

While the appeals of the denial of the post-conviction petitions were pending, on May 16, 2017, Asadi-Ousley, *pro se*, timely filed an application under Ohio Appellate Rule 26(B) to re-open his appeal.[69] In his brief, Asadi-Ousley raised the following four claims:

> 1. Appellate counsel had a duty to brief as an assignment of error the fact that his indictment states no crime under Ohio [law], as a direct result, Mr. Asadi-Ousley's right to liberty is denied without redress.
>
> 2. Appellate counsel provided ineffective assistance of appellate counsel by not raising the fact [that] the Appellant's fundamental right to trial by jury has been violated, were [*sic*], as here, the record reflects his right to trial by jury has been denied without due process of law.
>
> 3. Appellate counsel should be considered ineffective for not briefing as an assignment of error [that] this Appellant was denied his right to trial counsel were [*sic*] the court forced him to trial in spite of the fact that his trial counsel could not see, and he should be considered legally blind.
>
> 4. Mr. Asadi-Ousley's appellate counsel provided him with ineffective assistance of appellate counsel where that attorney failed to brief the fact that the statute of limitations of six years had expired on the felonious assault charge because Asadi-Ousley was not charged with assaulting a Peace Officer.[70]

The State filed a brief in opposition,[71] to which Asadi-Ousley filed a reply.[72] The appellate court then granted the application to reopen, appointed counsel to represent

---

[68] *Id*. at 434.

[69] *Id*. at 435.

[70] *Id.*

[71] *Id*. at 442.

[72] *Id*. at 448.

Asadi-Ousley and limited the reopened appeal to the single issue of whether Asadi-Ousley was prejudiced by the failure of his appellate counsel to argue that trial counsel was deficient in not seeking to dismiss Count Five of the indictment – the felonious assault charge – on the grounds that the six year statute of limitations had expired.[73] The appeals court further ordered that the matter be stayed pending disposition of Asadi-Ousley's appeal in the Ohio Supreme Court regarding his post-conviction actions.[74]

Upon resolution of his case in the Supreme Court of Ohio, Asadi-Ousley's motion to reopen his appeal was reinstated to active status.[75] At that point, Asadi-Ousley, through appointed counsel, then filed a merit brief addressing the single issue permitted by the appeals court:

> 1.   Appellant was prejudiced by the failure of appellate counsel to assign as error that trial counsel was ineffective in failing to file a motion to dismiss Count 5 felonious assault when the six year statute of limitations had expired prior to the filing of the indictment.[76]

The State filed a responsive brief and then the Ohio appellate court sustained Asadi-Ousley's sole assignment of error, reversing his conviction for felonious assault and remanding the matter to the trial court to vacate that conviction.[77] Pursuant to that mandate, on January 7, 2019, the trial court vacated Asadi-Ousley's felonious assault conviction.[78]

---

[73] *Id.* at 456.

[74] *Id.* at 459.

[75] *Id.* at 460.

[76] *Id.* at 461.

[77] *Id.* at 491.

[78] *Id.* at 509.

**Federal Habeas Petition**

On November 13, 2018,[79] Asadi-Ousley, *pro se*, timely[80] filed the present petition

for habeas relief, asserting 10 grounds for relief:

     1.     The trial court erred when it failed to merge the sentences imposed in Counts 1, 2 and 7 as they were allied offenses of similar import.

     2.     [Asadi-Ousley] was denied his right to effective assistance of counsel guaranteed via the Sixth Amendment and Fourteenth Amendment to the United States Constitution when his attorney failed to argue that [Asadi-Ousley's] convictions for rape, felonious assault and kidnapping were allied offenses of similar import.

     3.     Petitioner's trial court lost jurisdiction to enter judgment and sentence prior to trial court's speedy disposition of [Asadi-Ousley's] case, rendering sentence and judgment null and void via Ohio Const., Art. I, §§ 1, 2, 10, 16 in conjunction with the United States Const., Amends. 1st, 5th, 6th, 14th, because he is imprisoned without a judgment or sentence.

     4.     Trial counsel provided ineffective assistance by not moving the trial court to dismiss the complaint and indictment, where 330 days elapsed via R.C. § 2941.401 and [Asadi-Ousley] requested that counsel request such dismissal, which violated his right to effective counsel via Ohio Const., Art. I, §§ 10, 16 and United States Const., Amend. 5th and 14th.

     5.     The Common Pleas Court lacked jurisdiction to enter judgment, verdict, sentence or conviction, because the Common Pleas Court lost jurisdiction by holding of proceedings after the lapse of 180 days allowed by R.C. 2941.401, rendering [Asadi-Ousley's] imprisonment in violation of the United States Constitution 5th, 6th, 14th Amendments. See *Frank v. Mangum*, 237 U.S. 309, at Headnote Three.

---

[79] ECF No. 1 at 22. This is the date Aasdi-Ousley attests under penalty of perjury that the petition was signed and placed into the prison mail system. That date, under those circumstances, is considered to be the filing date. *Houston v. Lack*, 487 U.S. 26, 270-72 (1988).

[80] Subject to other factors not relevant here, a federal habeas petition must be filed within one year of the date when the petitioner's conviction became final. 28 U.S.C. § 2244(d)(1). Here, Asadi-Ousley's conviction became final, absent tolling, 90 days after the Ohio Supreme Court declined to accept jurisdiction over his direct appeal, or on May 1, 2018. Thus, filing the petition on November 13, 2018 was timely.

6.     The trial court erred in failing to grant trial counsel's motion to continue trial.

7.     The evidence was insufficient as a matter of law to support a finding beyond a reasonable doubt that Petitioner was guilty of the sexually violent specification attached to Counts One, Two and Seven of the indictment.

8.     The Petitioner's convictions for rape, felonious assault, kidnapping and the sexual predator specification were against the weight of the evidence.

9.     The trial court erred when it failed to merge the sentences imposed in Counts Two, Five and Seven as they are allied offenses of similar import.

10.     Petitioner was denied his right to the effective assistance of counsel guaranteed by Article I, Section 10 of the Ohio Constitution and the Sixth and Fourteenth Amendments to the United States Constitution when his attorney failed to argue that Petitioner's convictions for rape, felonious assault and kidnapping were allied offenses of similar import.[81]

The State, in its return of the writ, maintains first that Grounds One and Nine (alleging failure to merge offenses), as well as Grounds Three (purported violation of Ohio's speedy trial statute) and Five (similar), should be dismissed as stating non-cognizable state law grounds for relief.[82]

Next, the State contends that Grounds One and Nine should be dismissed as procedurally defaulted because Asadi-Ousley failed to make a contemporaneous objection at trial.[83] Moreover, the State asserts that Grounds Three and Five should be dismissed because Asadi-Oulsey failed to present these claims to the Ohio courts at the first opportunity and also because when they were presented they were not fairly presented as federal Constitutional claims.[84] In addition the State argues that Grounds Six, Seven and

---

[81] ECF No. 1 at 3-8, 13-14, 17, 19-20.
[82] ECF No. 8 at 14-17.
[83] *Id*. at 22-25.
[84] *Id*. at 25-27.

Eight should be dismissed as procedurally defaulted because these claims were never asserted before the Supreme Court of Ohio.[85]

Finally, the State maintains that Grounds Two, Four and Ten – which assert ineffective assistance of counsel – should be denied on the merits.[86]

The State also points out, as stated above, that Asadi-Ousley's conviction as to Count Five of the indictment – felonious assault – was vacated on appeal, thus here effectively reducing the scope of habeas claims two, eight and nine insofar as they include sub-claims related to Count Five.[87]

Asadi-Ousley filed a traverse,[88] as supplemented.[89] In it he makes the following rebuttal arguments:

> 1.     As to Grounds One and Nine – which the State argues were both non-cognizable and procedurally defaulted – Asadi-Ousley initially does not directly address the non-cognizability argument, stating only that somehow a federal constitutional issue is involved because his Due Process rights were implicated in an unspecified manner.[90] He also misconstrues the State's procedural default argument – which is that no contemporaneous objection was made – as a failure to present the claims to the Supreme Court of Ohio.[91]He further seeks to excuse any procedural default by claiming that his sentence was a miscarriage of justice because it was "extremely harsh."[92] He then attempts to equate a failure to merge offenses

---

[85] *Id*. at 27-29.
[86] *Id*. at 36-41.
[87] *Id*. at 15, fn. 5.
[88] ECF No. 9.
[89] ECF No. 10.
[90] ECF No. 9 at 3.
[91] *Id*. at 3-4.
[92] *Id*. at 4.

under Ohio law with a federal Double Jeopardy claim.[93] Finally, he seeks to undermine the Ohio appellate court's decision on these claims by stating that the Ohio court relied, in part, on his felonious assault conviction to support the sentence enhancement in his case – a finding that should not survive the eventual vacation of his felonious assault conviction.[94]

2.    As to Grounds Three and Five – which the State contends are both non-cognizable and procedurally defaulted because of lack of fair presentment/failure to assert at the earliest opportunity – Asadi-Ousley confuses/mis-states the State's specific arguments on procedural default with a purported failure to present the claims to the Supreme Court of Ohio.[95] Further, he then repeats at length the argument of his state court briefs as to why Ohio Revised Code Sec. 2941.401 was violated in his case.[96]

3.    Regarding Grounds, Six, Seven and Eight – which the State alleges are procedurally defaulted because they were not presented to the Supreme Court of Ohio on direct appeal after they were rejected by the Ohio appeals court – Asadi-Ousley here argues that he did raise these matters to the Ohio Supreme Court.[97]Once again, Asadi-Ousley confuses the State's argument – that these claims were not raised on direct appeal – with a reference to claims that were raised to the Supreme Court of Ohio in an appeal from an early decision of the Ohio appeals court that was then vacated and replaced. Essentially, while Asadi-Ousley did file a brief with the Ohio Supreme Court raising these issues, the brief arose in the context of a purported appeal from an Ohio appellate decision that was ultimately vacated by the appeals court on reconsideration and replaced with a new opinion.[98]

4.    Finally, as to Grounds Two, Four and Ten – which the State maintains should be denied on the merits after AEDPA review because the decision of the Ohio court was not an unreasonable application of *Strickland v. Washington*[99] -

---

[93] *Id*. at 7.

[94] *Id*. at 7-8.

[95] *Id*. at 8-9.

[96] *Id*. at 9-12.

[97] *Id*. at 13-19.

[98] *Id*. at 221-22, 224.

[99] 466 U.S. 668 (1984).

Asadi-Ousley contends first that counsel was deficient because he failed to preserve the meritorious issue of sentencing merger and that this error was prejudicial because: (a) he was sentenced on three separate counts, not one merged count, and (b) the vacation of his conviction on felonious assault – on which he was sentenced – also shows prejudice.[100]

## Analysis

### 1.    Preliminary Observations

Before proceeding further, I make the following preliminary observations:

*       There is no dispute that Asadi-Ousley is in custody of the State of Ohio as the result of his conviction and sentence by an Ohio court, and that he was so incarcerated at the time he filed this petition.[101]

*       There is also no dispute, as detailed above, that this petition was timely filed under the applicable statute.[102]

*       In addition, my own review of this Court's docket confirms that this is not a second or successive petition for habeas relief as pertains to this conviction and sentence.[103]

*       Moreover, subject to the procedural default arguments raised by the State, it appears that these claims have been exhausted in Ohio courts by having been

---

[100] ECF No. 9 at 19-23.
[101] 28 U.S.C. § 2254(a).
[102] 28 U.S.C. § 2254(d)(1).
[103] 28 U.S.C. § 2254(b).

presented through one full round of Ohio's established appellate review procedure.[104]

\* Asadi-Ousley has not sought the appointment of counsel. He does seek an evidentiary hearing in the traverse.[105] In that regard, as it pertains to claims that are reviewable here on the merits, under the rubric set out in *Cullen v. Pinholster*,[106] federal habeas review "is limited to the record that was before the state court that adjudicated the claim on the merits."[107] Thus, without more, the motion for an evidentiary hearing should be denied. Further, as to claims that are subject to dismissal as either non-cognizable and/or procedurally defaulted, the present brief request for an evidentiary hearing provides no basis for such a hearing as to these claims.

## 2. Recommended Dispositions

### a. Grounds One and Nine

As detailed above, the State argues that both of these grounds should be dismissed as non-cognizable state law claims and that they are also procedurally defaulted. Asadi-Ousley counters by not directly addressing the non-cognizability argument and by misconstruing the procedural default argument.

---

[104] 28 U.S.C. § 2254(b); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).
[105] ECF No. 9 at 23.
[106] 563 U.S. 170 (2011).
[107] *Id*. at 181.

Ground One asserts that the trial court erred because it failed to merge the sentences of Counts 1, 2 [the rape counts] and 7 [kidnapping] as these were allied offenses of similar import under Ohio law.

As is well-established, federal habeas relief is not available for errors of state law.[108] The federal habeas court is bound by a state court's interpretation of state law[109] and does not function as an additional state appellate court to review decisions of state law.[110] Thus, to the extent that Ground One raises solely an issue of the state court's application of Ohio's allied offenses statute, such a claim is properly dismissed as non-cognizable here.[111]

Moreover, and more essentially, the Ohio appeals court determined, after an extensive analysis, that the trial court was correct not to merge the kidnapping and rape counts. The court found that although the distance between where T.M. as initially restrained and the site of the rape was not far, and thus the time of the restraint before the rape was not long, nevertheless T.M. was knocked unconscious during that brief time, rendering her defenseless and creating a substantial increase in the risk of harm to her that was separate and apart from that involved in the underlying rape, thus constituting a separate animus for the rape and kidnapping offenses.[112]

---

[108] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

[109] *Wainwright v. Goode*, 464 U.S. 78, 84 (1983).

[110] *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988) (citation omitted).

[111] *Bolton v. Harris*, 2021 WL 1930239, at *16 (N.D. Ohio April 7, 2021) (citations omitted), R&R affirmed, *Bolton v. Harris,* 2021 WL 1929117 (N.D. Ohio May 13, 2021).

[112] ECF No. 8, Attachment 1 at 148.

Accordingly, while it may be possible to assert a federal Double Jeopardy violation in the context of a failure to merge claim,[113] a finding, as was made here by the Ohio appeals court, that the offenses in question involve a separate animus defeats any federal constitutional claim.[114]

In addition, as the State also points out, any assertion that the failure to merge the kidnapping and rape charges was error should have been asserted at trial and was not, thus creating a procedural default.[115] The Ohio appeals court recognized that procedural default and noted that defense counsel's failure to raise the merger issue was reviewable only for plain error and then only under the second or prejudice prong of *Strickland*.[116] Because, as stated above, the Ohio court concluded that there was no error in failing to merge these counts, the court further concluded that there was no prejudice from counsel's failure to raise the issue at sentencing.[117]

Finally, as the State also notes, the trial court did merge the two rape counts for purposes of sentencing, with the State electing to sentence only as to Count Two.[118]

Accordingly, I recommend that Grounds One and Nine be dismissed here as non-cognizable state law claims or alternatively as procedurally defaulted.

---

[113] *Bolton*, 2021 WL 1930239, at ** 15-16.

[114] *Id*.

[115] ECF No. 8 at 22-23.

[116] ECF No. 8, Attachment 1 at 141-42.

[117] *Id*.

[118] *Id*. at 21.

b.     **Grounds Three and Five**

The State also contends, as detailed above, that Ground Three [trial court jurisdiction/ speedy trial] and Ground Five [same] should be dismissed as non-cognizable state law claims and/or as procedurally defaulted for lack of fair presentment as federal constitutional claims.

Both Grounds Three and Five allege that the trial court was without jurisdiction because the speedy trial provisions of Ohio Rev. Code § 2941.401 were purportedly not followed.  Asadi-Ousley raised this issue in his post-conviction petition and the appeal from the denial of that petition.[119] Asadi-Ousley argued that his speedy trial rights were violated because 335 days had elapsed between when he moved for speedy resolution of the charges against him – March 19, 2015 – and the date of the sentencing – February 22, 2016.[120] In doing so, he argued that being subpoenaed to testify before the grand jury before he was subsequently indicted was sufficient to trigger the 180 day period set forth in Ohio Rev. Code § 2941.401.[121]

The Ohio appeals court addressed this claim in the appeal from the denial of his post-conviction motion.[122] The court began its analysis by explicitly observing that "[t]his case involves the interpretation and application of R.C. 2941.401."[123] After setting out the

_____

[119] *Id*. at 394-95.
[120] *Id*. at 395.
[121] *Id*.
[122] *Id*.
[123] *Id*. at 397.

language of the statute, the appeals court noted that the plain language of the statute applies only when any untried indictment, information or complaint is "pending" against a prisoner when he files a request for final disposition.[124] Thus, contrary to Asadi-Ously, neither a police investigation into the facts that ultimately yielded an indictment, nor a subpoena to testify to the grand jury are a "pending" action sufficient to trigger the running of the 180-day period.[125] Further, the statute specifies the end date as the date that a defendant is "brought to trial," not as Adadi-Ousley asserted, the date his trial was completed by a sentencing.[126]

Factually, the appeals court found that only 159 days elapsed between the indictment and the commencement of trial.[127] Further, the jury was impaneled on day 160 and then multiple requests for continuances by Asadi-Ousley tolled the running of the statue.[128] Thus, the court concluded that Asadi-Ousley's speedy trial claim under the Ohio statute was "meritless."[129]

As detailed above, the Ohio court analyzed this claim purely as a state law issue construing the relevant Ohio statute. As such, the claim should be dismissed as non-cognizable here.

---

[124] *Id.* at 399.

[125] *Id.* at 399-400.

[126] *Id.* at 400.

[127] *Id.*

[128] *Id.*

[129] *Id.* at 401.

Moreover, as the State also observes, Asadi-Ousley waived any claim by not raising a contemporaneous objection at trial.[130] Further, he failed to fairly present this claim as a federal constitutional violation in his post-conviction petition.[131] In addition, to the extent the above defects create a procedural default, Asadi-Ousley cannot claim that the cause for the default was his trial and/or appellate counsel since, under the second part of the *Strickland* test for ineffective assistance, there is no prejudice from counsel's failure to raise a non-meritorious issue.[132] As the Ohio appeals court found, there was no violation of Ohio's speedy trial statute in this case.

Accordingly, for the reasons stated above, Grounds Three and Five should be dismissed as non-cognizable and/or procedurally defaulted.

c.     **Grounds Six, Seven, and Eight**

Ground Six alleges that the trial court erred in failing to grant trial counsel's motion for continuance. Ground Seven contends that the evidence was insufficient to sustain Asadi-Ousley's conviction as a sexually violent predator. Ground Eight asserts that all convictions were against the manifest weight of the evidence.[133]

---

[130] ECF No. 8 at 25.

[131] *Id*. at 26, citing record at 297.

[132] That is the allegation here in Ground Four, which, as will be detailed later, should be dismissed.

[133] I note again that the trial court eventually vacated the conviction for felonious assault, thus rendering moot that portion of this ground.

As discussed above in greater detail, these claims were raised to the Ohio appeals court on direct review.[134]And Asadi-Ousley did include them in his brief to the Supreme Court of Ohio following the appellate court decision.[135]

But before the Ohio Supreme Court could consider the matter, the Ohio appeals court reconsidered its decision and issued a new decision, replacing the one which was the subject of the pending appeal to the Ohio Supreme Court.[136] In that posture, the original appellate decision was essentially void, as was the appeal from that decision.[137] Thus, the appeals court decision on reconsideration was the relevant appellate decision in this matter and so the only decision that could be appealed to the Supreme Court of Ohio.

As concerns these three grounds, the fact that they were raised in the prior appeal from a decision that was vacated does not equate to raising them in an appeal from the appellate decision on reconsideration. By not choosing to raise them again on the appeal from the decision on reconsideration, Asadi-Ousley committed a procedural default by not presenting them to the Ohio Supreme Court in the direct appeal from the appeals court's decision on reconsideration. Specifically, by not including these claims in the appeal from the decision on reconsideration he denied the Supreme Court of Ohio any opportunity to review the claims and correct any alleged error.[138]

---

[134]ECF No. 8, Attachment at 27.

[135] *Id.* at 154.

[136] *Id*. at 222-24.

[137] *Id*.

[138] *Leroy v. Marshall*, 757 F.2d 94, 100 (6th Cir. 1985).

In this context, Asadi-Ousley would now need to demonstrate both cause and prejudice for his failure to include these claims in that appeal to the Supreme Court of Ohio. He has advanced no such arguments. Indeed, because he does not have a constitutional right to counsel in a discretionary appeal, he cannot claim that the failure in this case was due to any error of counsel.[139] Further, he has not shown prejudice in that any of these claims were meritorious and that the result of the proceedings would have been different.[140] Finally, he has not excused the default by presenting any new reliable evidence of actual innocence.

Therefore, I recommend that Grounds Six, Seven and Eight be dismissed as procedurally defaulted.

### d.    Second and Tenth Grounds

In his second and tenth grounds for relief, Asadi-Ousley asserts that his trial counsel was ineffective for failing to argue that his convictions for rape, felonious assault and kidnapping were allied offenses.[141] In the fourth ground, Asadi-Ousley maintains that counsel was ineffective for not moving to dismiss the complaint for purported speedy trial violations.

---

[139] *Tanner v. Jeffreys*, 516 F.Supp. 2d 909, 917 (N.D. Ohio 2007).
[140] *United States v. Frady*, 456 U.S. 152, 168 (1982).
[141] I note here once more that the conviction for felonious assault was vacated and that the trial court did merge the two rape counts for purposes of sentencing.

The *Strickland* test for ineffective assistance has two prongs, both of which must be shown to obtain relief.[142] The second prong requires that a defendant show that but for the alleged error of counsel there is a reasonable probability that the result of the proceeding would be different.[143]

Here, as has been discussed above, the Ohio appeals court has determined that that both the issue of merger and that of speedy trial compliance were properly decided by the trial court. Thus, there is no reasonable probability that any action by Asadi-Ousley's counsel as regards these issues would have changed the result of any proceeding.

Accordingly, I recommend that Grounds Two, Four and Ten be denied on the merits after AEDPA review because the decisions of the state appeals court in these matters was not an unreasonable application of the clearly established federal law of *Strickland*.

## Conclusion

Therefore, for the reasons stated, I recommend that the *pro se* petition of Asa Asadi-Ousley for a writ of habeas corpus be dismissed in part and denied in part as is more fully detailed above.

IT IS SO RECOMMENDED.

Dated: January 10, 2022                              s/William H. Baughman Jr.
                                                     United States Magistrate Judge

---

[142] *Strickland*, 466 U.S. at 687.
[143] *Id.* at 694.

## NOTICE REGARDING OBJECTIONS

Any party may object to this Report and Recommendation.  To do so, you must serve and file your objections with the Clerk of Court within 14 days after being served with this Report and Recommendation.  If this document is being served on you by mail, service by mail is complete when the document is mailed, not when you receive it.  If you fail to serve and file your objections within this 14-day time period, you forfeit your rights on appeal, absent a showing of good cause for such failure.