UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ASA ASADI-OUSLEY, | ) | CASE NO. 1:18CV2669 |
| | ) | |
| Petitioner, | ) | SENIOR JUDGE |
| | ) | CHRISTOPHER A. BOYKO |
| vs. | ) | |
| | ) | |
| BRIGHAM SLOAN, Warden, | ) | OPINION AND ORDER |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, SR. J.:**

Before the Court is Petitioner Asa Asadi-Ousley's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus. (Doc. 1). For the foregoing reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation, **DISMISSES IN PART** and **DENIES IN PART** the Petition.

**FACTS**

The following is a procedural synopsis of Petitioner's claims. The Magistrate Judge's Report and Recommendation, adopted and incorporated herein, provides a more complete and detailed factual discussion.

In January of 2016, a Cuyahoga County Jury convicted Petitioner on multiple charges related to the rape of T.M. For these crimes, the Ohio trial court sentenced Petitioner to an aggregate term of 15 years to life. Petitioner appealed the conviction and sentence. The Ohio appellate court affirmed. The Ohio Supreme Court declined to accept jurisdiction and dismissed the appeal.

Relevant here, Petitioner also moved for post-conviction relief with the trial court. Petitioner sought relief due to perceived violations of Ohio Revised Code Section 2941.401. In March of 2017, the State appellate court overruled all of Petitioner's claims and affirmed the judgments of the trial court. Petitioner then sought review of this decision with the Ohio Supreme Court, but that court again declined jurisdiction.

On November 13, 2018, Petitioner mailed the instant Petition for habeas relief. (Doc. 1). He asserted ten Grounds for Relief, three of which included:

> **Ground Three:** Petitioner's trial court lost jurisdiction to enter judgment and sentence, prior to trial court's speedy disposition of Petitioner's case, rendering sentence and judgment null and void via Ohio Const., Art. I §§ 1, 2, 10, 16 in conjunction with the United States Const., Amends. 1st, 5th, 6th, 14th, because he is imprisoned without a judgment or sentence.
>
> **Ground Four:** Trial counsel provided ineffective assistance by not moving the trial court to dismiss the complaint and indictment, where 330 days lapsed via R.C. 2941.401 and [Petitioner] requested that counsel request such dismissal, which violated his right to effective counsel via Ohio Const., Art. I, §§ 10, 16 and United States Const., Amend. 5th and 14th.
>
> **Ground Five:** The Common Pleas Court lacked jurisdiction to enter judgment, verdict, sentence or conviction, because the Common Plea Court lost jurisdiction by holding of proceedings after the lapse of 180 days allowed by R.C. 2941.401, rendering [Petitioner's] imprisonment in violation of the United States Constitution 5th, 6th, 14th Amendments. See *Frank v. Mangum*, 237 U.S. 309, at Headnote Three.

(Doc. 1, PageID: 5-13).

On March 18, 2019, the Court referred the Petition to Magistrate Judge William Baughman Jr. for a Report and Recommendation. (Doc. 5). On June 10, 2019, Respondent filed his Return of Writ. (Doc. 8). Petitioner filed a Traverse (Doc. 9), as well as a supplement. (Doc. 10). On January 10, 2022, the Magistrate Judge issued his Report and Recommendation,

in which he recommended that the Court deny in part and dismiss in part the Petition. (Doc. 12). On February 25, 2022, Petitioner filed his Objection. (Doc. 14).

## STANDARD OF REVIEW

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d) provides the writ shall not issue unless the state court decision (1) "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States;" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1) – (2). Further, a federal court may grant habeas relief if the state court arrived at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decided a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). The appropriate measure of whether a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Id.* at 409-11.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary. *McAdoo v. Elo*, 365 F.3d 487, 493-94 (6th Cir. 2004).

## ANALYSIS

The Magistrate Judge recommended that the Court dismiss in part and deny in part the Petition. Petitioner specifically objects the Magistrate Judge's treatment of Grounds Three, Four and Five. He does not challenge the remainder of the Magistrate Judge's analysis. Therefore,

the Court adopts the Magistrate Judge's Report and Recommendation as to Grounds One, Two and Six through Ten.

A.     **Grounds Three & Five – Violation of Ohio Revised Code Section 2941.401**

In Grounds Three and Five, Petitioner alleged that the trial court lost jurisdiction over him because the State violated Petitioner's speedy trial rights under Ohio Revised Code Section 2941.401. (Doc. 1, PageID: 5 & 8). The Magistrate Judge recommended that the Court dismiss Grounds Three and Five as non-cognizable and/or procedurally defaulted. (Doc. 12, PageID: 1476). Petitioner objected, challenging the substantive decision of the Ohio appellate court and the Magistrate Judge's recitation of the decision. Petitioner also contended that i) these grounds encompass a challenge under the Sixth Amendment; and ii) his counsel's ineffective assistance provided cause and prejudice for him to overcome any procedural roadblock.

The Court agrees with the Magistrate Judge. Ordinarily, state prisoners must first exhaust their available state court remedies before seeking habeas relief by *fairly presenting* all federal claims to state courts. 28 U.S.C. § 2254(b), (c); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *Wilson v. Mitchell*, 498 F.3d 491, 498 (6th Cir. 2007). Fair presentation requires a petitioner to state his claim "as a federal constitutional issue – not merely as an issue arising under state law." *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (quoting *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984)). Courts in the Sixth Circuit consider four different actions in determining whether a claim is fairly presented: "i) reliance upon federal cases employing constitutional analysis; ii) reliance upon state cases employing federal constitutional analysis; iii) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of specific constitutional right; or iv) alleging facts well within the mainstream of constitutional law." *Whiting v. Burt*, 395 F.3d 602, 613 (6th Cir. 2005 (quoting *McMeans v.*

*Briggno*, 228 F.3d 674, 681 (6th Cir. 2000)). "General allegations of the denial of a 'fair trial' or 'due process'" do not fairly present claims that federal constitutional rights were violated. *Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006).

Intrinsic to 'fair presentation' then is a "cognizable claim." Generally, federal habeas relief is unavailable to retry state issues that do not rise to the level of a federal constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Federal habeas courts do not "reexamine state-court determinations on state-law questions," but rather limit their review "to deciding whether a conviction violated the Constitution, laws or treaties of the United States." *Id.* at 68. Moreover, "a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). The only time a state court determination on a state law issue may become cognizable is when the decision offends "some principal of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000) (quoting *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996)); *see also Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003) (state-law errors must be "so egregious that [they] result in a denial of fundamental fairness").

With Grounds Three and Five, Petitioner did not fairly present a cognizable claim throughout his state appellate process. Rather, he presented a non-cognizable issue under Ohio statutory law – R.C. 2941.401. A review of the record, specifically Petitioner's state appellate briefing, confirms this fact. And it is clear the state appellate court thought the same. (*See* Doc. 8-1, PageID: 520, ¶ 13 "This case involves the interpretation and application of R.C. 2941.401"). Thus, Petitioner failed to fairly present a violation of the federal constitution by only alleging a violation of the Ohio speedy trial statute.

Instead of challenging this procedural hurdle, Petitioner spent most of his Objection attacking the substantive decision concerning the Ohio statute. This is improper and the Court will not review a state court's decision on an issue of state law. Perhaps in anticipation of this, Petitioner also states in his Objection that he really presented a violation of his federal right to a speedy trial under the Sixth Amendment and *Barker v. Wingo*, 407 U.S. 514 (1972). But as far as the Court can tell – and Petitioner has not directed the Court's attention elsewhere – this is the first time Petitioner has raised this federal claim. 'Fair presentment' requires a petitioner to give "the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Since Petitioner only presented his speedy trial claim under Ohio statutory law, he cannot now argue a federal violation before this Court. Finally, as discussed more fully below, Petitioner cannot blame his attorney for this procedural misstep because Petitioner's ineffective assistance claim fails on its merits.

The Sixth Circuit's decision in *Norris v. Schotten* provides helpful guidance. The petitioner in *Norris* alleged two grounds for relief relevant here – a violation of his federal speedy trial rights and a violation of Ohio speedy trial rights. 146 F.3d 314, 326-28 (6th Cir. 1998). The *Norris* court held that both challenges failed for different reasons. *Id*. First, unlike Petitioner here, the *Norris*-petitioner fairly presented his federal challenge, but the Sixth Circuit found that he could not demonstrate prejudice under *Barker*. *Id.* at 328. And second, as to the state challenge, the *Norris* court declined to review the claim because it was based solely on a violation of Ohio's speedy trial statute. *Id*. at 328-29.

Accordingly, the Court follows *Norris*'s lead and declines to address Petitioner's challenge to the Ohio statute. Moreover, the Court will not entertain Petitioner's federal

challenge that was asserted for the first time in his Objection to the Report and Recommendation. Accordingly, the Court dismisses Grounds Three and Five on procedural grounds.

**B.** **Ground Four – Ineffective Assistance of Counsel**

In Ground Four, Petitioner alleged that his trial counsel provided ineffective assistance of counsel when he did not challenge the indictment for a violation of R.C. 2941.401. The Magistrate Judge recommended that the Court deny Ground Four on the merits because the State appellate court's decision was not an unreasonable application of *Strickland v. Washington*. (Doc. 12, PageID: 1479). Giving Petitioner the benefit of the doubt,[1] he objects and argues that his claim has merit.

To succeed on Ground Four, Petitioner must satisfy the well-known standard announced in *Strickland v. Washington*. This requires showing both inadequate performance by counsel and prejudice resulting from that performance. *Strickland*, 466 U.S. 668, 687 (1984). Relevant here, when counsel fails to file a pretrial motion to dismiss, it cannot be said that counsel performed inadequately unless that motion would have been successful and the result would have been different. *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986). And this Court's review is 'doubly deferential' "when…a state court has decided that counsel performed adequately," *Dunn v. Reeves*, 141 S. Ct. 2405, 2410 (2021), especially when the substantive decision concerns a determination of state law. *See Norris*, 146 F.3d at 328; *see also*, *Churchill v. Sheldon*, 2021 WL 4142862 (6th Cir. Mar. 29, 2021) (denying petitioner's certificate of appeal when the district court did not err in deciding petitioner's ineffective assistance of counsel claim due to not filing a motion under R.C. 2941.401).

---

[1] Petitioner's objection is difficult to parse and seems more geared towards the showing of cause and prejudice to excuse his procedural default as discussed in Section A of this Opinion.

Here, the State appellate court applied *Strickland v. Washington* to Petitioner's claim of ineffective assistance of counsel. This application entitles the appellate court's decision deference from this Court. After doing so, the appellate court determined that "trial counsel…could not have been ineffective for failing to file a motion to dismiss the indictment based on an alleged violation of R.C. 2941.401" because Petitioner's speedy trial rights were not violated and any motion would have been unsuccessful. (Doc. 8-1, PageID: 525). Thus, the appellate court applied 1) the correct federal standard of review; 2) to an issue of state law (i.e., violation of R.C. 2941.401); and 3) determined Petitioner's claim had no merit. The Court sees no reason – and Petitioner has not given the Court one – to upset this decision.

Petitioner's objection is based solely on his view of Ohio law under R.C. 2941.401, which the Ohio appellate court determined was incorrect. He does not mention this Court's deference that it must afford the appellate court's determination. But deference is owed and the Court will not overturn a decision that reasonably applied federal law to the facts of Petitioner's appeal.

## CONCLUSION

Petitioner's Objection to Grounds Three through Five are without merit. Accordingly, the Court **ADOPTS AND ACCEPTS** the Magistrate Judge's well-reasoned Report and Recommendation; **DISMISSES IN PART** and **DENIES IN PART** Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.

This Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3). Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of

appealability.  28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); Rule 11 of Rules Governing § 2254 Cases.

    **IT IS SO ORDERED.**

                         s/ Christopher A. Boyko  
                         **CHRISTOPHER A. BOYKO**  
                         **Senior United States District Judge**

**Dated: March 28, 2022**